IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In Re: )
LINDBLAD, NEIL AUSTIN, ) Case No. 14-20790-7 DLS
 )
                    Debtor. )

**NOTICE OF AND MOTION FOR ORDER AUTHORIZING INTENDED SALE OF LLC INTEREST (#S-1), FREE AND CLEAR OF ALL LIENS AND ENCUMBRANCES**

COMES NOW the Trustee, Eric C. Rajala, and gives notice of the intended sale of the Debtor's LLC interest in Rounders Group, LLC (the "LLC Interest") pursuant to 11 U.S.C. §§ 363(b) and (f). For purposes of audit and control by the Office of the United States Trustee, the sale shall be known as #S-1. The sale will be by private treaty, and will be conducted under the following terms and conditions:

    1.    The property to be sold consists of the following: Debtor's 20% LLC Interest in Rounders Group, LLC.

    2.    The sale of the LLC Interest will be a private sale to Rounders Group, LLC (the "LLC") for (i) cash in the amount of Six Thousand Dollars ($6,000); and (ii) cancellation of the entire amount of the "Lindblad LLC Debt" (as defined herein), whether arising out of the failure of Lindblad to honor capital calls of the LLC or to repay loans from the LLC or otherwise, as set forth in the Limited Liability Company Membership Interest Purchase Agreement (the "Purchase Agreement"), a copy of which is attached hereto as Exhibit "A" and incorporated by reference.

    3.    The LLC Interest is unencumbered by any mortgages or perfected liens, to the best of Trustee's knowledge, information and belief; however, the Debtor is indebted to the LLC for unpaid capital contributions of at least $14,000, and for the balance due on his promissory

note and security agreement in favor of the LLC dated April 21, 2009, in the amount of $30,000, plus interest (defined as the "Lindblad LLC Debt" in the Purchase Agreement).

4. The Trustee expresses no opinion as to whether the LLC may enforce its claims against the Debtor by asserting those claims against the LLC Interest. The Trustee notes that the LLC's operating agreement does not provide for any penalties to be imposed upon a member who fails to make a required capital contribution, as described in K.S.A. § 17-76,100(c), such as the reduction or elimination of the defaulting member's proportionate interest in the LLC. Furthermore, the LLC's security interest in the LLC Interest appears to be unperfected.

5. In any event, even assuming that the LLC's claims related to the Lindblad LLC Debt do not encumber the LLC Interest, as a practical matter, the Trustee does not believe that a sale of the LLC Interest to any other party on any better terms would be feasible, for the following reasons:

(A) Pursuant to K.S.A. § 17-7689, the Debtor ceased to be a member of the LLC upon the filing of his bankruptcy petition, and became an "assignee" who has no right to participate in the management of the LLC;

(B) the LLC Interest is subject to certain restrictions on transfer to parties other than the LLC or the LLC's current members;

(C) to the best of the Trustee's information and belief, the only material asset of the LLC is undeveloped land which, if sold currently, would not generate net

proceeds sufficient to produce a meaningful distribution on account of the LLC Interest, after offsetting the Debtor's indebtedness to the LLC; and

(D) it is unlikely that any potential purchaser other than the LLC would agree to indemnify the estate for any adverse income tax consequences arising from the sale of the LLC Interest, or to secure its obligation to indemnify the estate with a letter of credit.

6. The sale will be free and clear of all liens and encumbrances. The lien of any valid and perfected mortgage, security interest, or other encumbrance or equity interest in or against the LLC Interest (other than those associated with the Lindbland LLC Debt) shall continue as a lien against the proceeds of the sale.

7. The LLC Interest has not been claimed as exempt by the Debtor or by any other person entitled to assert exemptions under federal or state law.

8. The proposed sale is for the benefit of the bankruptcy estate and the creditors, in that proceeds will be derived from the sale for distribution to creditors.

9. The Debtor's rights in and to the LLC Interest will be sold with no express or implied warranties, and the purchaser is to accept the LLC Interest as is, and in its present condition, with no statement or representation concerning its present condition, except as set forth in the Purchase Agreement.

10. The Trustee's CPA and income tax advisor has reviewed the potential income tax ramifications of the proposed sale, and has confirmed that the LLC's income tax warranties and

indemnification provisions set forth in the Purchase Agreement will protect the estate from any adverse income tax consequences in connection with the proposed sale.

11. The estate is covered by a blanket bond in the amount of $15,000,000.00. After receipt of the sale proceeds, all estate funds will be fully bonded.

12. This notice is given to creditors and other interested parties to inform them of the intended sale and to provide for objections to the intended sale. The sale shall be held as described above unless a creditor or other party in interest files a written objection with the Clerk of the Bankruptcy Court, 500 State Avenue, Kansas City, Kansas 66101, and delivers a copy of said objection to Eric C. Rajala, Trustee, Central Bank Bldg, Ste 341, 11900 College Blvd, Overland Park, KS 66210-3939, on or before 5:00 p.m. on **March 2, 2015**. Objections must be in writing and give the Debtor's name, the case number, and state the specific objection to the sale. *If an objection is filed*, the Bankruptcy Court will hold a hearing on the objection on **March 20, 2015 at 9:30 am** in Room 144, Federal Courthouse, 500 State Avenue, Kansas City, Kansas 66101.

WHEREFORE, Eric C. Rajala, Chapter 7 Trustee, prays for an order authorizing the Trustee's intended sale of the LLC Interest (#S-1) free and clear of all liens and encumbrances; authorizing the Trustee to execute and deliver to the purchaser such assignment documents as may be necessary to sell, assign and transfer the above-described personal property; and for such other and further relief as the Court deems just and equitable.

Respectfully submitted,

<u>s/ Eric C. Rajala</u>
Eric C. Rajala, Chapter 7 Trustee
Kansas Supreme Court No. 10082
11900 College Blvd., Ste 341
Overland Park, KS 66210-3939
Telephone (913) 339-9806
Facsimile (913) 339-6695
eric@ericrajala.com

# LIMITED LIABILITY COMPANY
# MEMBERSHIP INTEREST PURCHASE AGREEMENT

This Limited Liability Company Membership Interest Purchase Agreement ("Agreement") is entered into effective the 27th day of January, 2015, by and between, Eric C. Rajala, Chapter 7 Trustee for Neil Austin Lindblad, Case No. 14-20790 (the "Trustee") and Rounders Group, LLC, a Kansas limited liability company (the "LLC").

## W I T N E S S E T H:

**WHEREAS**, on or about March 8, 2014, Neil Austin Lindblad ("Lindblad") filed a Voluntary Bankruptcy Petition under Case No. 14-20790 in the United States Bankruptcy Court for the District of Kansas (the "Bankruptcy Court"); and

**WHEREAS**, subsequent to such filing, the Trustee was appointed as Chapter 7 Trustee in the Lindblad bankruptcy estate (the "Estate"); and

**WHEREAS**, at the time of the filing of said bankruptcy proceeding, Lindblad was the owner of a 20% membership interest in the LLC; and

**WHEREAS**, prior to the Lindblad bankruptcy proceeding, the LLC had made one or more loans to Lindblad (the "Lindblad Loans") and the LLC had made one or more capital calls upon Lindblad which were not honored by Lindblad (the "Lindblad Capital Calls") (all amounts due and owing to the LLC, including all principal, interest and legal fees, whether on account of the Lindblad Loans or the Lindblad Capital Calls hereinafter collectively referred to as the "Lindblad LLC Debt"); and

**WHEREAS**, as a result of the aforementioned Lindblad bankruptcy proceeding, the 20% membership interest of Lindblad in the LLC is now an asset of the Estate; and

**WHEREAS**, the Trustee desires to sell, and the LLC desires to buy all of the Estate's membership interest in the LLC (the "Membership Interest"); and

**WHEREAS**, the parties desire to memorialize the terms and conditions regarding the above-referenced sale/purchase.

**NOW, THEREFORE**, in consideration of the mutual promises herein contained, the parties hereto do agree as follows:

1. <u>Sale/Purchase of Membership Interest</u>. On the Closing Date, the Trustee shall sell, and the LLC shall buy the Membership Interest. Except as is specifically provided herein, upon consummation of such sale/purchase, the Estate shall have no further ownership interest whatsoever in the LLC, and, except as specifically provided for herein, the LLC shall not be liable for any further payments whatsoever to the Trustee. The Trustee agrees that the transfer of the Estate's Membership Interest shall be made free and clear of any and all liens and encumbrances whatsoever, and upon the sale of the Membership Interest to the LLC, the LLC will be the 100% owner of the Membership Interest.

2. <u>Purchase Price</u>. The purchase price ("Purchase Price") to be paid by the LLC to the Trustee shall consist of: (i) cash in the amount of Six Thousand Dollars ($6,000); and (ii) cancellation of the entire amount of the Lindblad LLC Debt, whether arising out of the failure of Lindblad to honor capital calls of the LLC or to repay loans from the LLC or otherwise.

3. <u>Payment of the Purchase Price</u>. At Closing, the cash portion of the Purchase Price shall be paid to the Trustee by way of cashier's check, wire transfer or other immediately available funds. The cancellation of the Lindblad LLC Debt shall be effective at Closing and a fully executed copy of this Agreement shall constitute cancellation of the Lindblad LLC Debt without any further notice or documentation of any kind.

4. <u>Release/Waiver</u>. The Estate, by and through the Trustee, hereby releases any prepetition claims of Lindblad against the LLC and its other members, and the LLC hereby waives any and all claims against the Estate.

5. <u>Trustee's Representations and Warranties</u>: The Trustee, both on the date hereof and as of the Closing Date, represents and warrants to the LLC only that the Membership Interest constitutes an asset of the Estate and does not constitute exempt property, and that the Trustee has the power to sell same subject to Bankruptcy Court approval.

6. <u>LLC's Representations and Warranties</u>: The LLC represents and warrants to the Trustee both on the date hereof and as of the Closing Date as follows:

   (a) *Consents.* The execution, delivery and performance of this Agreement by the LLC does not require the consent of any third party.

   (b) *Authorization of Agreement, etc.* The LLC has the full capacity, power and authority to execute and deliver this Agreement. This Agreement is the legal, valid and binding obligation of the LLC, enforceable against the LLC in accordance with its terms.

   (c) *Compliance with Laws and Other Instruments.* The execution and delivery of this Agreement, the consummation of the transactions contemplated hereby in accordance with the terms of this Agreement, and the performance by the LLC of its obligations hereunder will not conflict with, or result in any violation of or default under, any agreement or other instrument to which the LLC is a party or bound or any permit, franchise, judgment, decree, statute, rule or regulation applicable to the LLC.

   (d) *Adequacy of Consideration.* The LLC understands, acknowledges, and agrees that the parties have voluntarily negotiated the Purchase Price to be paid by the LLC for the Membership Interest. The LLC hereby acknowledges and agrees that the consideration to be paid in exchange for the Membership Interest constitutes fair and adequate consideration for the Membership Interest.

   (e) *As Is Where Is.* Other than the Trustee's limited Representations and Warranties set forth above, the LLC agrees that it is purchasing the Membership Interest "as is where is."

(f) *No Adverse Income Tax Consequences.* The LLC represents and warrants to the Trustee that there will be no adverse income tax consequences to the Estate arising from the sale of the Membership Interest.

7. Survival of Representations and Warranties. The respective representations and warranties of the parties contained herein are true, accurate and correct and shall not be deemed waived or otherwise affected by any investigation made by any party hereto or the occurrence of the Closing.

8. Indemnification and Hold Harmless. The LLC hereby agrees to indemnify and hold the Estate harmless from any and all claims and liabilities whatsoever that may arise with respect to a breach of the LLC's Representations and Warranties set forth herein, including, specifically, without limitation, the LLC's Representations and Warranties set forth in Section 6(f) above. In order to secure its indemnification of the Estate, the LLC shall provide to the Trustee at Closing, a Letter of Credit in the amount of $25,000 to be issued by First Community Bank in the form attached hereto as Exhibit A. The Letter of Credit will be effective as of the Closing Date and shall have a term of three years from and after the Closing.

9. Prohibition Against 2015 Sales. The LLC hereby agrees that it shall not sell any of its assets during the year 2015.

10. Closing. The Closing of the transaction described herein shall take place at such time as mutually agreed to by the parties ("Closing" or "Closing Date") provided, however, that the Closing shall not take place until such time as the Order of the Bankruptcy Court approving the sale herein becomes final and non-appealable (the "Final Order Date"), but in no event shall the Closing take place later than 30 days after the Final Order Date. At Closing, the LLC shall deliver the $6,000.00 cash portion of the Purchase Price to the Trustee without any requirement that the Trustee deliver to the LLC any type of "Membership Interest Power" or other transfer document, it being the intent and agreement of the parties that a fully executed copy of this Agreement and the Order approving the sale contemplated herein shall serve as written documentation effectuating transfer of the Membership Interest to the LLC, without any further documentation.

11. Miscellaneous. This Agreement shall be governed by and construed in accordance with the laws of the State of Kansas. The parties hereto agree that exclusive jurisdiction and venue in any disputes relating to this Agreement shall be in the Bankruptcy Court. This represents the entire understanding of the parties hereto with respect to the subject matter hereof and may be modified only by a writing signed by the parties hereto.

3

**IN WITNESS WHEREOF,** the parties have executed this Agreement effective as of the day and year first written above.

          Eric C. Rajala, Chapter 7 Trustee
          for Neil Austin Lindblad, Case No. 14-20790

          **ROUNDERS GROUP, LLC**

          By all of its Remaining Members:

          _____
          Thomas E. Enright

          _____
          Rodney L. Turner

          _____
          Sherman Smith

          _____
          Patrick Scherzer

4

PJ-867078-v1

Exhibit A

IN WITNESS WHEREOF, the parties have executed this Agreement effective as of the day and year first written above.

_____
Eric C. Rajala, Chapter 7 Trustee
for Neil Austin Lindblad, Case No. 14-20790

**ROUNDERS GROUP, LLC**

By all of its Remaining Members:

_____
Thomas E. Enright

_____
Rodney L. Turner

_____
Sherman Smith

_____
Patrick Scherzer

4

PJ-867078-v1

EXHIBIT "A"

Irrevocable Letter of Credit No. _____
Issue Date:  February \_\_\_\_, 2015
Expiry Date:  2:00 P.M. C.S.T., February \_\_, 2018
Beneficiary:  Eric C. Rajala, Chapter 7 Trustee for
  Neil Austin Lindblad, Case No. 14-20790 (the "Trustee")

Eric C. Rajala
341 Metcalf Bank Building
11900 College Blvd.
Overland Park, KS 66210

Dear Mr. Rajala:

At the request and for the account of our customer, Rounders Group, LLC, a Kansas limited liability company (the "Account Party"), we hereby establish in your favor, as the "Trustee" under that certain Limited Liability Company Membership Interest Purchase Agreement dated January \_\_\_\_\_, 2015 (the "Agreement") executed by you and Account Party, our Irrevocable Letter of Credit No. \_\_\_\_\_ (the "Letter of Credit"), for draws up to the aggregate amount of $25,000.00 ("Stated Amounted"), effective immediately and expiring at 2:00 P.M. Central Standard Time, February \_\_\_\_\_, 2018 ("Expiry Date").

We hereby authorize you to draw on us an aggregate amount not to exceed the Stated Amount; provided, however, your draws must be made by your delivery to us on or before the Expiry Date of your duly executed draft in the requested amount ("Draft") in substantial conformity with the form of **Exhibit 1** attached hereto and incorporated herein by reference, and accompanied by:

    (a)    <u>Written Certificate</u>.  Your written certificate ("Certificate") properly completed and duly executed in the form of **Exhibit 2**, attached hereto and incorporated herein by reference; and

    (b)    <u>Original Letter of Credit</u>.  This original Letter of Credit.

Notwithstanding anything contained herein to the contrary, we will not be obligated to honor any Draft which, when combined with all prior Drafts honored by us hereunder, would exceed the Stated Amount.

Your draft and all other documents delivered to us in connection with any draw hereunder shall be in writing and addressed and delivered directly to us at our address specified below between the hours of 9:00 A.M. and 2:00 P.M. Central Standard Time:

>Community First Bank
>ATTN: DAVID L. SPEHAR, PRESIDENT
>650 Kansas Avenue
>Kansas City, Kansas 66105

We hereby agree that all Drafts delivered in strict compliance with the terms of this Letter of Credit will be duly honored by us if delivered as specified on or before the Expiry Date or earlier termination of this Letter of Credit as provided below.

Only you may make a draw under this Letter of Credit, and this Letter of Credit may not be assigned or transferred to any third party.

Upon the earlier of (i) the Expiry Date or (ii) our receipt of this original Letter of Credit with a written statement from you, as Trustee, advising that this Letter of Credit is being returned for cancellation, this Letter of Credit shall automatically terminate and be null and void.

This Letter of Credit is subject to the Uniform Customs and Practices for Documentary Credits (1993 Revision), International Chamber of Commerce Publication No. 500 ("UCP"). To the extent such laws are not in conflict with the UCP, this Letter of Credit will be governed by the laws of the State of Kansas, including without limitation Article 5 of the Uniform Commercial Code ("UCC").

This letter of Credit sets forth in full our undertaking, and such undertaking will not in any way be modified, amended, amplified or limited by reference to any document, instrument or agreement other than Drafts, Certificates, the UCP, and the UCC (to the extent provided herein).

>Very truly yours,
>
>COMMUNITY FIRST BANK
>
>By:_____
>    David L. Spehar, President

EXHIBIT 1

## [FORM OF DRAFT]

"Drawn under Community First Bank's Irrevocable Letter of Credit No. _____."

$_____(U.S.)       Date:_____

At sight pay to the order of Beneficiary, Eric C. Rajala, Chapter 7 Trustee for Neil Austin Lindblad, Case No. 14-20790, _____ and no/100 Dollars ($_____).

To:   Community First Bank
      ATTN: DAVID L. SPEHAR, PRESIDENT
      _____
      _____


                                          _____
                                          **Eric C. Rajala, Chapter 7 Trustee**
                                          **for Neil Austin Lindblad, Case No. 14-20790**

EXHIBIT 2

## [CERTIFICATE TO ACCOMPANY DRAFT]

The undersigned Beneficiary hereby certifies to Community First Bank the following with respect to Beneficiary's Draft presented under Community First Bank's Irrevocable Letter of Credit No. _____ ("ILOC"):

On or about January _____, 2016, Beneficiary and Rounders Group, LLC, a Kansas limited liability company (the "LLC") entered into that certain Limited Liability Company Membership Interest Purchase Agreement (the "Agreement") pursuant to which Beneficiary sold to the LLC the Membership Interest (as defined in the Agreement). Pursuant to paragraph 6(f) of the Agreement, the LLC represented and warranted to Beneficiary that there would be no adverse tax consequences resulting from the sale of the Membership Interest. Pursuant to paragraph 8 of the Agreement, the LLC indemnified Beneficiary with respect to any breach of the aforesaid warranty and representation. Attached hereto is a copy of the written notification from the Internal Revenue Service received by Beneficiary indicating a tax liability for the Bankruptcy Estate of Neil Austin Lindblad in the amount of $_____.

Given the condition(s) stated above, Beneficiary is entitled to draw the sum of $_____ under this ILOC.

Dated:_____

**BENEFICIARY:**

_____
**Eric C. Rajala, Chapter 7 Trustee
for Neil Austin Lindblad, Case No. 14-20790**

Acknowledgment

STATE OF _____ )
                          )
COUNTY OF _____ )

On this _____ day of _____, 20____, before me, a Notary Public in and for said state, personally appeared Eric C. Rajala, known to me to be the person who executed the within instrument and who acknowledged to me that he executed the same as his free act and deed for the purposes therein stated.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal, the day and year last above written.

My Commission Expires:            _____
                                  NOTARY PUBLIC
_____                Printed Name:_____

PJ-867078-v1

Exhibit A
Page 9 of 9

Case 14-20790    Doc# 35    Filed 02/04/15    Page 14 of 14